UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 11-00947-JST (DTBx)                                    Date:  August 25, 2011
Title:  Timothy Alan Nagel v. Aurora Loan Services, LLC, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

   Ellen Matheson                                                 N/A
    Deputy Clerk                                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                         Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

     Plaintiff filed this action in Riverside Superior Court on March 28, 2011.  (Doc. 1, Ex. A.)  Defendants Aurora Loan Services, LLP and Federal Home Loan Mortgage Corporation removed this action on June 15, 2011.  (Doc. 1.)

     The Complaint alleges several causes of action related to the purported unlawful foreclosure of Plaintiff's home located at 832 Overton Drive, San Jacinto, CA 92582, including defects in a pending state court unlawful detainer action to remove Plaintiff from his residence.  (Doc. 1, Ex. A ¶¶ 148-51.)  An unlawful detainer action in California state court is a quasi in rem proceeding.  *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1057 (E.D. Cal. 2009).

     A court is prohibited "from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court."  *United States. v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989).  When there are concurrent proceedings in federal and state court and both suits "are in rem, or quasi in rem, so that the court . . . has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought," the "first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other. . . ."  *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939).  "[W]here the jurisdiction of [a] state court has first attached, [a] federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction."  *Kline v. Burke Const. Co.*, 260 U.S. 226, 229 (1922); *see State Eng'r of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 11-00947-JST (DTBx)                              Date:  August 25, 2011
Title:  Timothy Alan Nagel v. Aurora Loan Services, LLC, et al.

*State of Nev. v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 809-10 (9th Cir. 2003).

      Currently before the Court is Plaintiff's motion to remand this action to Riverside Superior Court.  (Doc. 19.)  Defendants opposed the motion on August 8, 2011.  (Doc. 20.)  However, the parties' briefs do not address the impact of the unlawful detainer action on the Court's subject matter jurisdiction.  Accordingly, the Court ORDERS:

1) The parties shall show cause in writing no later than **September 12, 2011** why this case should not be remanded for lack of subject matter jurisdiction in light of the pending state court unlawful detainer proceedings.  Failure to respond by the above date will result in the Court remanding this action.

2) The hearing on Plaintiff's Third Application to Remand (Doc. 19) and Defendants' Motion to Dismiss (Doc. 11) set for August 29, 2011 is CONTINUED to **September 26, 2011, at 10 a.m.**

3) The Scheduling Conference set for September 12, 2011 is CONTINUED to **October 17, 2011, at 1:30 p.m.**

Initials of Preparer:  <u>enm</u>